**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| | |
|---|---|
| PLAINTIFF: Norman Greenberg | COURT CASE NUMBER: 03-12489 NG |
| DEFENDANT: Susan Elliot ~~& Paul Arnold~~ | TYPE OF PROCESS: COMPLAINT |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Susan Elliot

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

c/o KMC, Inc., Paradise Cay Yacht Harbor, 101 T[...]land Dr., Belvedere Tiburon, CA 94920 or P.O. Box [...]6, San Anselmo, CA 94979

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Norman Greenberg
P.O. Box 390062
Cambridge, MA 02139

- Number of process to be served with this Form - 285: 1
- Number of parties to be served in this case: 2
- Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

TELEPHONE NO. FOR KMC, INC. IS 415 435-1652. ANCHOR REALTY IS A CONNECTED BUSINESS AT THE SAME ADDRESS AND TELEPHONE NUMBER. STREET ADDRESS AND P.O. BOX ADDRESS IN SAME AREA IS GIVEN ABOVE.

Signature of Attorney or other Originator requesting service on behalf of: Norman Greenberg
☒ PLAINTIFF  ☐ DEFENDANT
TELEPHONE NUMBER: 617 834-4479
DATE: Dec. 17, 2004

---

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)
Total Process: 1
District of Origin No. 38
District to Serve No. 14
Signature of Authorized USMS Deputy or Clerk: Nancy Salaneu
Date: 12/17/04

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Address (complete only if different than shown above):
RAN A WANTS CHECK - NO NEW ADDRESS. DEFENDANTS SOLD BOAT THAT THEY LIVED ON. CHECKD POST OFFICE - NO NEW ADDRESS B&S

Date of Service: 01/03/05
Signature of U.S. Marshal or Deputy: B. STEWART

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS: TRIED NUMEROUS TIMES AROUND THE BAY AREA AND AS FAR UP AS SACRAMENTO. DEFENDANT AND PARTNER ARE DELIBERATELY AVOIDING MANY PEOPLE WHO ARE LOOKING FOR THEM. LEFT CARDS WITH SEVERAL PEOPLE SEVERAL TIMES BUT STILL NO RESPONSE. WAS TOLD DEFENDANTS WERE "ON THE LAM" BECAUSE THEY OWED A LOT OF PEOPLE A LOT OF MONEY, THEREFORE, UNABLE TO LOCATE. B. STEWART

PRIOR EDITIONS MAY BE USED — **1. CLERK OF THE COURT** — FORM USM-285 (Rev. 12/15/80)

## UNITED STATES DISTRICT COURT

_FIRST CIRCUIT_ District of _MASSACHUSETTS_

Norman Greenberg

~~V.~~

Susan Elliot &
Paul Arnold

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

03-12489

TO: (Name and address of Defendant)

Susan Elliot
c/o KMC, Inc.
Paradise Cay Yacht Harbor
101 Trinidad Dr.
Belvedere Tiburon, CA 94920

OR

Susan Elliot
P.O. Box 486
San Anselmo, CA 94979

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Norman Greenberg, Plaintiff, Pro Se
P.O. Box 390062
Cambridge, MA 02139

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

(By) DEPUTY CLERK

DATE   12-17-04

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_FIRST CIRCUIT_   District of _MASSACHUSETTS_

NORMAN Greenberg

~~v.~~

SUSAN ELLIOT &
PAUL ARNOLD

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 03-12489 NG

TO: (Name and address of Defendant)

SUSAN Elliot
c/o KMC, Inc.
Paradise Cay Yacht Harbor
101 Trinidad Dr.
Belvedere Tiburon, CA 94920

OR

Susan Elliot
P.O. Box 486
San Anselmo, CA 94

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Norman Greenberg, Plaintiff, Pro Se
P.O. Box 390062
Cambridge, MA 02139

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

(By) DEPUTY CLERK

DATE  12-17-04

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                           Date                              *Signature of Server*

                                                                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
Of the
FIRST CIRCUIT

Norman Greenberg            )
    Plaintiff             )
                            )          RECEIVED DEC 3 2003
                            )          CIVIL ACTION NO. _____
v.                          )
                            )
Susan Elliot and Paul Arnold )
    Defendants            )

## COMPLAINT

### Parties

1. The plaintiff divides residency between Orange, Massachusetts, and Cambridge, Massachusetts (P.O. Box 390062, Cambridge, MA 02139), living occasionally in the one town and occasionally in the other town. He is a citizen of the United States.

2. The defendant Susan Elliot divides residency between Marin County, California (P.O. Box 486, San Anselmo, CA 94979 or P.O. Box 212, Sausalito, California 94966), and Sherman Oaks, California (14311 Dickens St. #210, Sherman Oaks, CA 91432), living occasionally in the one place and occasionally in the other place. She is a citizen of the United States.

3. The defendant Paul Arnold divides residency between Marin County, California (P.O. Box 486, San Anselmo, CA 94979 or P.O. Box 212, Sausalito, California 94966), and Sherman Oaks, California (14311 Dickens St. #210, Sherman Oaks, CA 91432), living occasionally in the one place and occasionally in the other place. He is a citizen of the United States.

### Jurisdiction

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

## Facts

1. On May 20, 2003 at approximately 6:20 a.m., the plaintiff was placed under arrest by Officer James Lofas of the Vallejo (California) Police Department (Badge #411) at the instigation of the defendants. The plaintiff was placed in handcuffs by the officer, transported to the Vallejo Police Department, and booked (which included taking fingerprints and photographs and being formally charged with criminal trespass, a misdemeanor).

2. The defendants insisted that the officer take the plaintiff into custody in order to fulfill his obligation under California Law (California Penal Code §847) to assist private citizens accomplish a citizen's arrest (California Penal Code §834 & §837). He reluctantly complied, stating, "If it were up to me, I would simply let him go if he agreed not to return until he had specific authorization from a court." But the defendants insisted on the arrest.

3. The defendants gave as grounds for the arrest the fact that the plaintiff "broke into" a house in Vallejo at 103 Lynn Court in which they resided and over which they had been granted control by one of the legal owners, Sophie Tucker Greenberg, before her demise. Susan Elliot also presented a copy of a water or electricity bill she had paid.

4. Susan Elliot, with the concurrence of Paul Arnold, added other accusations in her written report to the officer: that the plaintiff was not a resident and had never lived there; that the plaintiff had "taken the law into his own hands;" that she "feels unsafe in his (the plaintiff's) presence and would appreciate a restraining order;" that the plaintiff "has some sort of mental illness;" and that the plaintiff "has honesty issues." She stated these same accusations orally to the police officer and to neighbors of the house at 103 Lynn Court.

5. The claim by the defendants that the plaintiff has never lived in the house was false.

6. The various claims by the defendants about their residency and rights of residency and control over the property were false. The deed of the house, filed with the Assessor's Office in Fairfield, California, showed that the owners of the house remained, at the time of the arrest and alleged

2

trespass, the parents of Susan Elliot and Norman Greenberg--Max W. Greenberg and Sophie T. Greenberg—both of whom were deceased. Neither had given Susan Elliot and/or Paul Arnold exclusive control over the house. Susan Elliot and Paul Arnold did not reside in the house and had not resided in the house for at least two years. The house had been altogether neglected. The house posed a serious fire and accident hazard, and the house and contents were an inviting target for vandals and damage due to water leaking from a deteriorated roof. Susan Elliot and Paul Arnold, while living elsewhere in California, had allowed these conditions to exist unremedied.

7. The various additional accusations and characterizations (refer to paragraph 4) are baseless, malicious, slanderous, and libelous. Regarding the accusation that the plaintiff posed a physical danger to one or both plaintiffs, the opposite was the case: Paul Arnold had threatened the plaintiff during a telephone conversation on May 19, 2003, saying repeatedly, "You're mine. For the rest of your life, you'll be mine."

8. After the plaintiff was taken from the house at 103 Lynn Court by the Police Officer, charged with trespass, and ordered not to return, the defendants entered the house, went through the plaintiff's possessions, and stole a set of photographs belonging to the plaintiff, some artwork belonging to the plaintiff, and other items that might have had bearing on the plaintiff's standing with regard to the plaintiff's inheritance from his parents. On information and belief, this inheritance would have been in the range of $100,000 to $300,000. Their unrestricted entry into the house continued for several weeks.

9. Because of the threat by Paul Arnold (see paragraph 6), the plaintiff spent the night of May 19, 2003 in great fear and anxiety of being attacked in the middle of the night. He has subsequently kept his exact whereabouts unknown to the defendants.

10. Because the plaintiff was forbidden to enter the house or stay in the house, he had to find other accommodations in northern California, which put him to great expense and/or inconvenience. This

occurred despite the fact that the house was unoccupied and needed the kind of attention he was prepared to give to it.

11. Because of the slanderous accusations to neighbors of the house at 103 Lynn Court by the defendants, the plaintiff was subsequently subjected to verbal harassment by one neighbor and shunning by other neighbors when he eventually went to the house at the direction of a Probate Administrator appointed by a Probate Commissioner in San Rafael, California.

12. Because of the arrest, the plaintiff not only had to endure the indignity of being handcuffed on the street, with neighbors watching, and placed in the back seat of a police car and driven away to be booked, but he also had to endure the cost and inconvenience of participating in the subsequent legal proceedings: arraignment, plea, and trial.

13. WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, for $250,000.

14. The plaintiff demands a trial by jury.

Respectfully submitted,

Norman Greenberg
Plaintiff, Pro Se

P.O. Box 390062
Cambridge, MA 02139

617 834-4479

Date: December 3, 2003